| | | |
|---|---|---|
| SYLVIA DEVAULT, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:20-cv-00038 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| WAL-MART, INC., | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER TRANSFERRING CASE TO UNITED STATES
DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO**

---

On December 20, 2019, in case number 3:19-cv-155 pending in the Southern District of

Ohio, the undersigned entered an order granting Defendant's Renewed Motion to Sever Plaintiffs'

Claims or, in the Alternative, to Try Plaintiffs' Claims Separately (Doc. 16).   (Doc. 26 in Case

No. 3:19-cv-155.)   The undersigned severed each of the (then) eight[1] plaintiffs' claims from one

another, ordering each one to file a separate complaint to initiate her own individual action, besides

Monda (the first-named plaintiff) who was ordered to file a second amended complaint in case

number 3:19-cv-155.[2]   (*Id.* at PAGEID # 581.)   Each of those eight women have done so.

The undersigned also ordered the (then) eight plaintiffs to make a written filing on or before

January 31, 2020 either to show cause why venue remains proper in the Southern District of Ohio

---

[1] The eight women who originally were plaintiffs in case number 3:19-cv-155 are:   Kathy Monda ("Monda"),
Tandi Lee ("Lee"), Jerilynn McKinney ("McKinney"), Beckie Colvin ("Colvin"), Rose Thomas ("Thomas"), Sylvia
DeVault ("DeVault"), Gwen Morgan ("Morgan"), and Jody Shearer-Luke ("Shearer-Luke").
[2] As stated in that December 20, 2019 Order, each of the then-plaintiffs besides Monda was dropped as a party in
S.D. Ohio Case No. 3:19-cv-155 on February 1, 2020.   (Doc. 26 in Case No. 3:19-cv-155.)

(Western Division at Dayton) or to identify which judicial district would be the proper venue to which this Court should transfer her claims. (*Id*. at PAGEID # 581-82.) They did so, indicating in that filing that the claims for the following six women should be transferred to the United States District Court for the Northern District of Ohio because each of those six resides within that district and her claims arose within that district: Monda (S.D. Ohio Case No. 3:19-cv-155), Morgan (S.D. Ohio Case No. 3:20-cv-34), Shearer-Luke (S.D. Ohio Case No. 3:20-cv-36), Colvin (S.D. Ohio Case No. 3:20-cv-40), Thomas (S.D. Ohio Case No. 3:20-cv-33), and DeVault (S.D. Ohio Case No. 3:20-cv-38).[3] (Doc. 28 in Case No. 3:19-cv-155.)

The Court also ordered that Defendant Wal-Mart, Inc., if it chose to do so, must make a written filing by February 14, 2020 concerning why—for the claims of each of the eight women—venue remains or does not remain proper in this judicial district and indicate if the parties have consented to transfer the action to another district or division. Wal-Mart did not make any such filing.

Pursuant to 28 U.S.C. § 1406, and in the interest of justice, the Court transfers this case to the Northern District of Ohio for all further proceedings. The Clerk of the Court is directed to **TRANSFER** this case to the United States District Court for the Northern District of Ohio.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, February 18, 2020.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[3] Conversely, that filing indicated that this Court remains the appropriate judicial district for the claims of Lee and McKinney because "they reside within this district and/or their claims arose within this district." (Doc. 28 in Case No. 3:19-cv-155.)