# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **SYLVIA DEVAULT** | **CASE NO. 1:20-CV-00372** |
| **Plaintiff,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| **WAL-MART, INC.,** | |
| **Defendant.** | **MEMORANDUM OPINION AND ORDER** |

Currently pending is Defendant's Motion to Strike Exhibit 1 to Plaintiff's Complaint filed on March 31, 2020 ("Defendant's Motion"). (Doc. No. 12.) On April 14, 2020, Plaintiff filed Plaintiff's Opposition to Defendant's Motion to Strike Exhibit 1 to Plaintiff's Complaint Under Rule 12(f) ("Plaintiff's Opposition"). (Doc. No. 13.) On April 20, 2020, Defendant filed Defendant's Reply in Support of Motion to Strike Exhibit 1 to Plaintiff's Complaint ("Defendant's Reply"). (Doc. No. 14.) For the reasons set forth below, Defendant's Motion is GRANTED.

In Defendant's Motion, Defendant moves this Court to strike Exhibit 1 attached to Plaintiff's Complaint. (Doc. No. 1-1.) Exhibit 1 consists of 24 pages, and 46 paragraphs which are set forth twice, and as Plaintiff alleges in her Complaint, contain "[t]he background information provided and the policies that pre or postdate Plaintiff's employment [and] are provided as background and in support of the discriminatory culture at Wal-Mart." (Doc. No. 1 at 2 n.1.)

In Defendant's Motion, Defendant sets forth two bases for striking Exhibit 1. First, Defendant argues that Exhibit 1 is not a "written instrument" contemplated by Fed. R. Civ. P. 10(c). Second, according to Defendant and generally speaking, Exhibit 1 makes it difficult for it to understand the scope of Plaintiff's claims, and specifically: Exhibit 1 contains allegations of the type that belong in

a complaint but are improperly set out in an exhibit, thus depriving Defendant of the ability to decipher the scope of the allegations against it; because Defendant is not required to respond to allegations contained in an exhibit to a pleading, Defendant is left with the choice of either having to respond to allegations to which no responses are technically required, or leaving unanswered, a large portion of Plaintiff's allegations; and those portions of Exhibit 1 describing policies regarding pay that purportedly disparately impacted female employees are irrelevant because Plaintiff voluntarily withdrew her disparate impact claims, and these irrelevant portions will cause unnecessary confusion between the withdrawn claims and Plaintiff's remaining claims.

In Plaintiff's Opposition, Plaintiff argues that Defendant is unable to meet the legal standard for a motion to strike because it has not shown that Exhibit 1 is clearly immaterial or implausible or that Defendant is prejudiced, and that Defendant's argument under Fed. R. Civ. P. 10(c) fails. Plaintiff also asserts that "[t]he fact that hundreds of other women have similar issues, that pay disparity was rampant and that Wal-Mart did nothing to combat the problem does not cause confusion, **[Exhibit 1] constitutes supporting evidence**."  (Doc. No. 13 at 8 (emphasis added).)  In the alternative, Plaintiff asserts that if this Court is inclined to grant or grants Defendant's Motion, "then Plaintiff agrees to include the allegations in Exhibit 1 as part of her lawsuit," and "[t]o that end, Plaintiff seeks leave to amend."  (*Id.*)

In Defendant's Reply, Defendant reasserts its arguments set forth in Defendant's Motion, cites and discusses additional case law in support thereof, distinguishes the cases cited by Plaintiff in Plaintiff's Opposition; and otherwise reiterates that because Exhibit 1 is not a written instrument as contemplated by Rule 10(c), causes confusion and prejudice to it, and is immaterial and redundant, it should be stricken.

2

Rule 12(f) of the Federal Rules of Civil Procedure provides that on a motion of a party, the court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike under Rule 12(f) are addressed to the sound discretion of the trial court, but are generally disfavored." *Graves. v. Mahoning Cty.*, No. 4:10CV2821, 2011 WL 3703950, at *2 (N.D. Ohio Aug. 23, 2011) (citing *Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997)). "Striking pleadings is considered a drastic remedy to be used sparingly and only when the purposes of justice so require." *Id.* (citing *Brown v. Williamson Tobacco Corp. v. United States*, 201 F.3d 819, 822 (6th Cir. 1953)). "However, within this framework, the court retains 'liberal discretion' to strike filings as it deems appropriate." *Id.* (citing *Nationwide Ins. Co. v Cent, Mo. Elec. Co-op., Inc.*, 278 F.3d 742, 748 (8th Cir. 2001)). As both Plaintiff and Defendant have recognized, in exercising its discretion to strike a pleading, this Court should consider whether the party seeking to have material stricken from a pleading will be prejudiced if the material is not stricken. *See id.*

It is clear to this Court that the unauthenticated Exhibit 1 does not qualify as a written instrument under Fed. R. Civ. P. 10(c). As the court explained in *Montgomery v. Buege*, No. 08-385, 2009 WL 1034518, at *3 (E.D. Cal. Apr. 16, 2009):

> The types of instruments that qualify for incorporation under Rule 10(c) "'consist largely of documentary evidence, specifically, contracts, notes, and other writings on which a party's action or defense is based.'" *DeMarco v. DepoTech Corp.*, 149 F.Supp.2d 1212, 1220 (S.D.Cal.2001) (quoting *Rose v. Bartle*, 871 F.2d 331, 339 n.3 (3d Cir.1989)); *cf United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003) (noting that a document may be considered part of a complaint even if not attached when the document forms the basis of the plaintiff's claims or the allegations refer extensively to it).
>
> In contrast, witness affidavit and other exhibits containing largely evidentiary material typically do not fall within Rule 10(c)'s category of "written instruments." . . . *See generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*

3

§ 1327 (2008) (providing that "exhibits containing extraneous or evidentiary material should not be attached to the pleadings" pursuant to Rule 10(c)).

Courts have granted motions to strike exhibits attached to complaints when those exhibits do not qualify as "written instruments" under Rule 10(c). *Montgomery*, 2009 WL 1034518, at *4; *DeMarco*, 149 F. Supp. 2d at 1222; *Galvin v. Yates*, No. 05-0986, 2006 WL 1495261, at *4 (E.D. Cal. May 24, 2006); *Kinney v. Mohr*, No. 2:13-cv-1229, 2017 WL 1395623, at *3 (S.D. Ohio Apr. 19, 2017).

As Defendant correctly asserts, "[a]t its essence, Exhibit 1 is an unsworn witness declaration that lacks an identified witness." (Doc. No. 12 at 2.) And, even if it constitutes "evidence" as asserted by Plaintiff—and this Court disagrees with Plaintiff's assessment in that regard—the precedent set forth above demonstrates that it does not constitute a written instrument under Rule 10(c).

The Court also finds that Defendant will be prejudiced if Exhibit 1 is not stricken, since the 46 paragraphs of additional allegations remain unanswered by Defendant because they are not part of the Complaint. The Court also finds that to the extent some information contained in Exhibit 1 appears to relate to a purported disparate impact of Defendant's policies on women in general—which claim Plaintiff withdrew, they are immaterial to her disparate treatment claim.

With regard to Plaintiff's request to file an amended complaint, Defendant's only response is set forth in footnote 3 of Defendant's Reply: "[b]ecause Exhibit 1 contains redundant and immaterial allegations, Plaintiff's alternative request for leave to amend should be denied." (Doc. No. 14 at 9 n.3.) However, the Court and Defendant do not know exactly what portions of Exhibit 1 Plaintiff will choose to include in an amended complaint, so Defendant's argument is premature and unpersuasive. Accordingly, Plaintiff is granted leave to file an amended complaint within seven (7) days of the filing of this Order.

4

**IT IS SO ORDERED.**

_s/Pamela A. Barker_
PAMELA A. BARKER
Date:  April 23, 2020                    U. S. DISTRICT JUDGE

5